UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARY KAY PULERA,<br><br>         Plaintiff,<br>v.<br><br>TONY F. MORALES, SER-JOBS SENIOR COMMUNITY SERVICE, MIKELLE BLOECHL, and MARY PETERS,<br><br>         Defendants. | Case No. 16-CV-1539-JPS<br><br><br><br>**ORDER** |

  The plaintiff filed a pro se complaint alleging violations of federal law. (Docket #1). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #5). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal

Case 2:16-cv-01539-JPS   Filed 12/08/16   Page 2 of 6   Document 6

construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The plaintiff alleges that Defendant Tony F. Morales ("Morales") violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Docket #1 at 7). Specifically, she alleges that she applied to a program run by Defendant SER-JOB Senior Community Service ("SER-JOBS") looking for work. *Id.* Someone took her "private information and filed it in some office[,]" stating that there was no on-the-job retraining that fit her skills. *Id.* The plaintiff alleges that her request for job retraining was denied in favor of a "Mexican-American Man, so he could get free housing." *Id.* She further complains that "this Contractor don't help Single Parents ages 55 or older." *Id.* The plaintiff asks for lost wages from 2012 to 2016 as damages. *Id.*

The plaintiff fails to state a claim for age discrimination. First, the claims may be time-barred. For both statutes she cites, the plaintiff was required to bring suit within three hundred days of the discriminatory act. *Riley v. Elkhart Comm. Schs.*, 829 F.3d 886, 890-91 (7th Cir. 2016). It appears, given the dates of lost wages the plaintiff seeks, that the alleged discrimination occurred long before that cut-off.

Further, it is not clear that the plaintiff has satisfied the conditions precedent to this suit. Title VII and the ADEA require plaintiffs seeking to pursue claims in federal court to first file a charge with the EEOC. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir.2000). A party not named in an EEOC charge may not be sued under Title VII or the ADEA. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir.2013). Though she references a "right

Page 3 of 6

Case 2:16-cv-01539-JPS   Filed 12/08/16   Page 3 of 6   Document 6

to sue," the plaintiff has not attached a right-to-sue letter from the EEOC showing that she named these defendants, stated these claims, and was granted permission to sue.

Finally, the only defendants discussed in the plaintiff's factual allegations are Morales and SER-JOBS. The other two defendants Mikelle Bloechl and Mary Peters, are not referenced, so they would be dismissed. All of the above procedural and technical defects reveal that the complaint, as currently presented, fails to state any valid claims. It must, therefore, be stricken, even before the Court reaches its substance.[1]

If the plaintiff wants to proceed, she must file an amended complaint curing the above-described deficiencies. The amended complaint must be filed on or before **December 30, 2016**. Failure to file an amended complaint within this time period may result in dismissal of this action. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that, in such instances, the

---

[1] The Court notes that there may be substantive problems as well; the plaintiff has not alleged that the retraining program was denied to her because of her age, or that the person who was admitted to the program was a different age than her (she cites only his national origin). (Docket #1 at 7).

"prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court also addresses the plaintiff's motion for appointment of counsel. (Docket #2). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will deny the plaintiff's motion under the first prong of the *Pruitt* test. Her motion, one sentence long, makes no reference to any attempts to secure counsel. (Docket #2). The plaintiff's motion to appoint counsel will, therefore, be denied without prejudice. As to the motion for leave to proceed *in forma pauperis*, the Court will hold its ruling thereon until an amended complaint is received.

Accordingly,

Page 5 of 6

Case 2:16-cv-01539-JPS   Filed 12/08/16   Page 5 of 6   Document 6

**IT IS ORDERED** that the plaintiff's complaint of November 17, 2016 (Docket #1) be and the same is hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint on or before **December 30, 2016**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket #2) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge