UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARY KAY PULERA,<br><br>                           Plaintiff,<br><br>v.<br><br>TONY F. MORALES, SER-JOBS FOR PROGRESS NATIONAL INC., MIKELLE BLOECHL, MARY PETERS, TANYA WINTERS, and BRIANNA FOX,<br><br>                           Defendants. | Case No. 16-CV-1539-JPS<br><br><br><br>**ORDER** |

On December 8, 2016, the Court screened the plaintiff's original complaint. (Docket #6). The Court found that the plaintiff failed to state any valid claims. *Id.* at 3-4. The Court struck the complaint and required the plaintiff to offer an amended complaint to continue this action. *Id.* at 4. On December 22, 2016, the plaintiff submitted an amended complaint. (Docket #7).

As noted in its December 8, 2016 screening order, the Court is required to screen complaints brought under the *in forma pauperis* statute. *See* (Docket #6 at 1); 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss such a complaint if it raises claims that are legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The same standards cited in the original screening order apply here. (Docket #6 at 1-3).

The plaintiff's amended complaint appears to incorporate the same facts as stated in the original complaint. (Docket #7 at 11). The plaintiff also

includes an additional narrative statement. *Id.* at 5. The statement, however, is generally less descriptive than the original complaint's factual allegations. *Id.* The new narrative alleges that from 2010 to 2016, the defendants SER-JOBS for Progress ("SER-JOBS") and Tony F. Morales ("Morales"), the organization's attorney, "failed . . . to reply to [the plaintiff]." *Id.* As with her original complaint, the plaintiff mentions that her "private information" was taken without explaining what if any problems that caused. *Id.* She further states that she entered the defendants' program twice and did not receive job retraining. The plaintiff reiterates that her claims are brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). *Id.* at 4.

The plaintiff still fails to state any viable claims. First, as discussed in the Court's original screening order, she has named defendants without attaching any factual allegations to them. (Docket #6 at 4). The plaintiff now names even more defendants but again, other than for Morales and SER-JOBS, fails to describe their involvement in the relevant events. *See* (Docket #7 at 2).

Second, and more importantly, the plaintiff fails to demonstrate that she satisfied the conditions precedent to this suit. As noted in the original screening order, Title VII and the ADEA require plaintiffs seeking to pursue claims in federal court to first file a charge with the EEOC. (Docket #6 at 3); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir.2000). A party not named in an EEOC charge may not be sued under Title VII or the ADEA. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir.2013). Despite the

Court's instructions, the plaintiff has again failed to attach an EEOC right-to-sue letter or even allege that one exists.

The plaintiff was afforded an opportunity to correct the deficiencies with her original complaint, and given specific instructions on how to do so, but she did not heed that advice. Because she still fails to state any viable claims for relief, the Court must reject her amended complaint and dismiss this action. It will do so without prejudice, however, as it is not clear whether the plaintiff could ultimately obtain the required right-to-sue letter and correct the other problems with her pleadings. *See Prince v. Stewart*, 580 F.3d 571, 572 (7th Cir. 2009). The Court must also deny the plaintiff's motions for leave to proceed *in forma pauperis*. (Docket #5 and #8).

Accordingly,

**IT IS ORDERED** that the plaintiff's motions to proceed *in forma pauperis* (Docket #5 and #8) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge